# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT
# OF MICHIGAN

JAMIE STOWE,

       Plaintiff,

v.

MICHIGAN DEPARTMENT of
HEALTH AND HUMAN SERVICES,
NICK LYON in his official
capacity as Director of DHHS and
JEAN STACY in her official capacity
as ADA Coordinator for DHHS,

       Defendants.
_____/

Case No.
Hon.

MICHIGAN PROTECTION &
ADVOCACY SERVICE, INC.
CHRIS E. DAVIS (P52159)
Attorney for Plaintiff
4095 Legacy Parkway, Suite 500
Lansing, MI 48911
(517) 487-1755
Email: cdavis@mpas.org
_____/

## **COMPLAINT**

Plaintiff states:

## INTRODUCTION

Plaintiff, who is a person with a disability due to blindness, brings this action seeking declaratory and injunctive relief to enforce his rights under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act to effective communications, that written documents be in Brailed format, from the Defendants.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

2. Plaintiff's federal claims are made pursuant to The Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, Section 504, of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

3. Declaratory and injunctive relief are authorized pursuant to 28 U.S.C. §§ 2201, 2202.

4. Venue is appropriate in this district pursuant to 28 U.S.C. §1391(b), as all of the events and omissions complained of below occurred in this district.

## PARTIES

5. Defendant, Nick Lyon, is the Director of the Michigan Department of Health and Human Services (MDHHS).

6. Defendant, MDHHS, is a principal department of the State of Michigan, headquartered in Lansing, that provides public assistance, child and family welfare services, and oversees health policy and management.

7. Defendant, Jean Stacy, is the ADA Coordinator for MDHHS and is responsible for ensuring the Department's compliance with and implementation of its responsibilities under the ADA and Section 504.

8. Plaintiff, Jamie Stowe, is a person with a disability and a recipient of services and benefits of MDHHS, who lives in Genesee County, Michigan.

**FACTS**

9. The Plaintiff, Jamie Stowe, is blind and requires written materials in Braille format in order to read them.

10. As detailed below, Plaintiff and his counsel made several requests for MDHHS to correspond with him in Braille format particularly as to any notices requiring responses from him.

11. Unfortunately, the requests have been stalled, refused and ignored by MDHHS.

12. The Plaintiff started by making verbal requests at his local MDHHS office in Flint, Michigan.

13. MDHHS staff told him they do not have the ability to put materials in Braille format.

14. On February 28, 2013, Plaintiff's counsel, Chris Davis, had a meeting to discuss accessible communication issues with Ms. Crystal Perry the MDHHS Americans With Disabilities (ADA) Coordinator.

15. During this meeting, Mr. Stowe's request for written communications in Braille were discussed.

16. On April 16, 2013, Plaintiff's counsel sent an email to Ms. Perry following up on the February 28th meeting and reiterating Plaintiff's request for written communications in Braille format.

17. On May 23, 2013, Plaintiff's counsel sent Ms. Perry an email to remind her about the request and to check on the status of the request.

18. Unfortunately, Plaintiff's counsel did not receive a response to either email.

19. On June 18, 2013, Plaintiff's counsel called and left a voice message for Sharon Ellis, the ADA coordinator for the State of Michigan.

20. Ms. Ellis returned the call a few days later and said she would look into the Plaintiff's situation but would not commit to granting Mr. Stowe his request.

21. Plaintiff's Counsel did not hear back from Ms. Ellis.

22. At some point it was learned that Ms. Perry was no longer working as the ADA Coordinator for MDHHS.

23. The Plaintiff repeated his requests for written materials in Braille format both to his case worker, Mr. E. Thomas Hall and to Mr. Hall's supervisor, Mr. Gary Johnson of the Flint MDHHS office.

24. Mr. Johnson denied the request and told Plaintiff; "If you can get someone else to read it you don't need it brailed."

25. The Plaintiff has repeated his requests in April and June of 2014.

26. On April 9, 2015, Plaintiff, through his counsel, filed a Complaint with the United States Department of Health and Human Services (US-DHHS) Office of Civil Rights (OCR).

27. A copy of the Complaint was sent to the State of Michigan's ADA Coordinator, Ms. Ellis.

28. On April 28, 2015, Jean Stacy, the ADA coordinator for MDHHS, contacted Plaintiff's counsel and promised that all future written communications with Plaintiff would be Braille format and that his entire past file could be Brailed and sent to him.

5

29. On May 6, 2015, Ms. Stacy sent a letter to Plaintiff's counsel stating that because of confidentiality issues MDHHS was not sure it could Braille documents for the Plaintiff but it was being checked on.

30. At present, Plaintiff's requests for written materials in Braille format have not been granted. He receives typed letters, which he is unable to read. MDHS continues to send written materials in non-Braille format.

31. Upon information and belief, MDHHS has policies in place to provide reasonable accommodations to their consumers; however, MDHHS and Defendant Lyons and Defendant Stacy have failed to provide systems and training in order to implement and execute such policies when it comes to providing communications in accessible formats such as Braille.

32. Plaintiff and his Counsel have repeatedly brought this to the attention of the ADA-Coordinator for MDHHS, state ADA Coordinator and staff at the local MDHHS offices.

33. Upon information and belief, MDHHS does not have a contract with any outside vendor to provide Brailing services for their consumers.

34. Upon information and belief, MDHHS contracts only with the Michigan Department of Corrections (MDOC) for Brailing services

which is inappropriate for Brailing personal communications containing consumer's person identification such as: medical information, dates of birth, social security numbers and home addresses.

35. Upon information and belief, the Brailing services with MDOC are for general information materials regarding MDHHS services and are not consumer specific materials, nor should it be.

36. Plaintiff's situation demonstrates that MDHHS is not consistently following its own policy and possibly not following it at all.

37. Upon information and belief, MDHHS staff have not been trained on ADA/504 issues and the training materials are almost exclusively related to employee issues under the ADA and 504 not consumer issues.

### COUNT I - VIOLATION OF THE ADA
### FAILURE TO ENSURE COMMUNICATIONS
### IN ACCESSBLE FORMATS

38. Plaintiff realleges all preceding paragraphs as part of this count of the Complaint.

39. Plaintiff is a person with a disability as defined under the ADA, 42 USC § 12102.

40. Plaintiff is a qualified individual with a disability as defined under 42 USC § 12131(2). Plaintiff meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by MDHHS.

41. Defendant, MDHHS is a public entity as defined under 42 USC §12131(1).

42. Defendant, Nick Lyons, is sued in his official capacity as Director of MDHHS.

43. Defendant, Jean Stacy, is sued in her official capacity as the ADA Coordinator for MDHHS.

44. The Defendants have failed to take appropriate steps to ensure that communications with the Plaintiff are effective as communications with others by failing to furnish appropriate auxiliary aids and services, written communications in Braille format, as required by the ADA implementing regulations. 28 CFR 35.160.

45. The Defendants' failure to provide Plaintiff with effective communications is discrimination and prohibited under 42 U.S.C. §12132.

**COUNT II - VIOLATION OF REHABILITATION ACT OF 1973
FAILURE TO ENSURE COMMUNICATIONS
IN ACCESSBLE FORMATS**

46. Plaintiff realleges all preceding paragraphs as part of this count of the Complaint.

47. Plaintiff is a person with a disability, blindness.

48. Plaintiff is a qualified individual as that term is defined under the Act. 29 USC §705(20).

49. Defendant, MDHHS, is a program or activity as defined under 29 USC §729(b)(1)(A).

50. MDHHS is the recipient of federal financial assistance.

51. MDHHS' failure to provide effective communications has denied Plaintiff the equal benefits of, and subjected him to discrimination under a program or activity receiving federal financial assistance solely because of his disability in violation Section 504 of the Rehabilitation Act of 1973, and its implementing regulations. 29 U.S.C. § 794.

## REQUESTED RELIEF

WHEREFORE, Plaintiff requests this Honorable Court to:

A. Issue a declaratory judgement on behalf of the Plaintiff that the Defendants have violated his rights under the ADA and Section 504;

B. Issue a permanent injunction requiring Defendants to adopt measures to ensure effective communications are provided to Plaintiff and others requiring effective communications;

C. Issue a permanent injunction requiring Defendants to provide a copy of his MDHHS file in Braille format with all past communications included;

D. Issue a permanent injunction requiring Defendants to provide all future written communications in Braille format to the Plaintiff;

E. Award Plaintiff Cost and Attorney Fees should he prevail in this matter; and

F. Any additional relief the Court deems appropriate and just under the circumstances.

November 20, 2015    /s/ Chris E. Davis
CHRIS E. DAVIS (P52159)
MICHIGAN PROTECTION &
ADVOCACY SERVICE, INC.
Attorney for Plaintiff
4095 Legacy Parkway, Suite 500
Lansing, MI 48911
(517) 487-1755
Email: cdavis@mpas.org